966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William K. GARDNER, Defendant-Appellant.
 No. 91-3810.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1992.*
Decided June 9, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 William Gardner pleaded guilty to eleven counts of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to concurrent terms of 78-months imprisonment on each count, to be followed by a three-year period of supervised release. One of the conditions of his supervised release is that he pay restitution of $37,373 to the banks he robbed within the first two and one-half years of release. Mr. Gardner challenges this condition, claiming that the district court abused its discretion in concluding that he could repay such a large amount of money in such a short period of time. We affirm.
 
 
 2
 Under the Victim Witness Protection Act, the district court may order a defendant to make restitution to victims of his offense. 18 U.S.C. § 3663(a). In deciding whether to order restitution, the district court must consider: (1) the amount of the victims' losses; (2) the defendant's financial resources; and (3) the financial needs and earning potential of the defendant and his dependents. 18 U.S.C. § 3664(a); United States v. Fox, 941 F.2d 480, 485 (7th Cir.1991), cert. denied, 112 S.Ct. 1190 (1992). We will not overturn the district court's restitution order absent an abuse of discretion. United States v. Arvanitis, 902 F.2d 489, 496 (7th Cir.1990).
 
 
 3
 The information before the sentencing judge shows that Mr. Gardner comes from a stable home, is intelligent, and has reached the junior level at the University of Missouri. Although his employment record is spotty, at his most recent job he earned about $4,500 per month as a computer software salesman. He has previously held other positions in the field of computer sales. He has no present financial resources and no dependents. Mr. Gardner does not contest these facts.
 
 
 4
 In ordering restitution, the district court stated:
 
 
 5
 He has clearly indicated a job--. His last job, that was commissions and salary, over 50,000.00 bucks in a year's time. There is clearly the ability. And I am sure the opportunity will come up, and he will be able to get that type of job back, and earn that type of money.
 
 
 6
 (Sent.Tr. at 32). Mr. Gardner attacks this finding, arguing that it is unrealistic and even absurd to assume that a convicted bank robber will walk out of prison and into a high paying job. Although we agree that such a situation is probably atypical, we do not believe the district court abused its discretion in this case. In United States v. Mahoney, 859 F.2d 47, 52 (7th Cir.1988), this Court emphasized that a defendant must "have at least a hope of fulfilling and complying with each and every order of the court." The facts in the present case indicate that Mr. Gardner has more than just a hope. Given his education and past employment history, his future earnings may still be high, even with a criminal record.
 
 
 7
 The cases upon which Mr. Gardner relies are clearly inapposite to his own. In United States v. Studley, 892 F.2d 518 (7th Cir.1989), we reversed an order of restitution where a defendant would have been required to raise $32,600 during an eighteen-month period while incarcerated. Mr. Gardner will not be incarcerated during the period in which he is expected to make restitution. In Mahoney, we overturned a restitution order since the defendant would have been required to pay over nine times his annual salary in a five-year period, while supporting himself and his mentally ill wife. 859 F.2d 47. Mr. Gardner's restitution payment is not nearly so high in relation to his potential earnings.
 
 
 8
 In conclusion, although Mr. Gardner's burden of restitution is heavy, it is not overwhelming. The judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs